**ROSAIRE**

v.

**BAROID SALES DIVISION, NATION-
AL LEAD CO.**

Civ. No. 5985.

United States District Court,
S. D. Texas, Houston Division.

March 31, 1954.

Earl Babcock, Duncan, Okl., Lawrence P. Gwin, Houston, Tex., for plaintiff.

Henry R. Ashton, Harry R. Pugh, Jr., Fish, Richardson & Neave, New York City, New York, Brady Cole, Garrett Tucker, Baker, Botts, Andrews & Shepherd, Houston, Tex., for defendant.

HANNAY, District Judge.

1. This suit is for alleged infringement of two United States Letters Patent, Rosaire et al. No. 2,192,525 and Horvitz et al. No. 2,324,085, both issued to plaintiff, Esme E. Rosaire, a geophysicist, now living in Dallas, Texas, as one of the joint patentees and as assignee of Leo Horvitz, the other joint patentee. These patents relate to what is called "geochemical" prospecting and well logging. The alleged infringement is a well logging service for oil well drillers performed by defendant, Baroid Sales Division, National Lead Company, with headquarters in Houston, Texas. Baroid's defenses are that both of these patents are invalid and that neither patent is infringed by the Baroid logging method.

2. It was old before any date claimed for the patents in suit to prospect for oil and gas by collecting samples of gas from a number of different places in non-productive formations, either laterally or vertically down a bore hole, and then quantitatively analyzing each sample for hydrocarbon content, including methane and heavier hydrocarbons, and correlating the results of such analyses with the location from which the samples were taken.

3. It was also old to crush and heat rock or soil samples in order to vaporize volatilizable or entrained or adsorbed hydrocarbons and other constituents and to analyze the evolved gas; and, indeed, it was old even in gas prospecting methods to obtain gas samples by treating soil or core samples with heat and vacuum, and then to analyze the evolved gas and correlate the results with the location from which the samples were taken. This anticipates the patents in suit.

4. I find as a fact, by clear and substantial proof beyond a reasonable doubt, that Abraham J. Teplitz and his co-workers with Gulf Oil Corporation and its Research Department during 1935 and early 1936, before any date claimed by Rosaire, spent more than a year in the oil fields and adjacent territory around Palestine, Texas, taking and analyzing samples both over an area and down drill holes, exactly as called for in the claims of the patents which Rosaire and Horvitz subsequently applied for and which are here in suit.

This Teplitz work was a successful and adequate field trial of the prospecting method involved and a reduction to practice of that method. The work was performed in the field under ordinary conditions without any deliberate attempt at concealment or effort to exclude the public and without any instructions of secrecy to the employees performing the work.

5. It was old to take cores and cuttings at frequent intervals during the drilling of a well in both productive and non-productive formations and to test these samples for oil and gas content and to make up a log showing the results of such tests giving the relative amount of hydrocarbons found, the relative values being correlated with depth.

Among the tests used in making up such well logs prior to Rosaire's alleged inventions was the so-called distillation test, in which cores or cuttings were crushed and heated to vaporize and expel volatilizable contents in gaseous form, the relative amount of such expelled hydrocarbons being estimated and noted in the log, where they were correlated with depth.

6. The claims of the patents in suit contain limitations which are neither disclosed nor claimed in the original application, so that the patents are not entitled to the date of the original application, and intervening prior art further

shows the invalidity of both patents in suit.

7. The Rosaire '525 patent and the Horvitz '085 patent are for surface area prospecting and predicting ahead of the bit, respectively. Baroid merely logs oil and gas "shows" during drilling and does no prospecting or predicting ahead of the bit.

8. The Rosaire and Horvitz patents in suit require the use of heat or acid to treat the samples to vaporize entrained, volatilizable constituents. Baroid does not use heat or acid and does not vaporize appreciable amounts of entrained, volatilizable constituents, but merely releases and detects entrapped gases.

9. The Rosaire and Horvitz method requires quantitative chemical analysis. Baroid merely indicates roughly the size of the shows detected and does not make any quantitative analysis.

10. The Rosaire and Horvitz inventions were given wide publicity, were used commercially as early as 1937, and have been in use ever since. Licenses under the patents in suit have been taken by Humble Oil & Refining Company and its affiliates, and by various service companies which have commercialized the methods thereof.

11. There is no evidence that defendant has falsely advertised its services or has passed off its services as those of plaintiff or that there has been any confusion or likelihood of confusion between defendant's well logging and any activities of plaintiff. There is no evidence that defendant is in competition with plaintiff and no evidence that defendant has acted unfairly in any respect.

### Conclusions of Law

1. This Court has jurisdiction over the parties and the subject matter of this suit.

2. The patentee is chargeable with knowledge of everything that preceded him, even though he may in fact have been ignorant of the prior art; and, if the patentee is merely the first to utilize the existing fund of public knowledge for new and obvious purposes, the patent is invalid.

3. The failure of the Patent Office to cite the most pertinent prior art greatly weakens the presumption of validity that otherwise attends the grant of a patent.

4. Both patents in suit are invalid for anticipation by, and lack of invention over, stipulated prior patents and publications which are earlier in date than any date asserted for the patents in suit.

5. Prior knowledge and use by another in this country of an alleged invention before the patentee's invention thereof invalidates the patent. It does not vitiate the defense that the prior knowledge and use was not publicized or that the use was discontinued after having been reduced to practice and extensively tested.

6. The Teplitz-Gulf Oil Corporation prior knowledge and use invalidates both patents in suit.

7. In view of ordinary well logging practices, as exemplified by the Shell prior use and by stipulated patents and publications prior to any date claimed for the patents in suit, the patents in suit cannot validly cover the Baroid well logging method.

8. Claims of a so-called continuation-in-part application are not entitled to the benefit of the filing date of the earlier application where these claims contain limitations not completely disclosed in the earlier application.

9. Plaintiff has the burden of proving infringement and, unless every fact essential to infringement is proven by a preponderance of the evidence, plaintiff cannot prevail.

10. On the issue of infringement, patent claims must be read in the light of the patent disclosure, the file wrapper history and the prior art.

11. The accused Baroid logging method does not infringe either patent in suit.

12. The essence of the wrong of unfair competition consists in the sale of the goods of one manufacturer in such a way that there is confusion or at least likelihood of confusion, so that the public will be misled into believing that the goods are those of the plaintiff. Mere misrepresentation of the nature of a product or what it can do, even if present, does not give rise to any private cause of action in the absence of palming off or likelihood of confusion with plaintiff's goods.

13. The evidence shows that plaintiff does not have any cause of action for unfair competition or "potential infringement."